**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN E. BEASLEY,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | **NO. 3:13-CV-19-BF** |
| § | | |
| **CAROLYN W. COLVIN,** § | | |
| **Commissioner of Social Security,** § | | |
| § | | |
| **Defendant.** § | | |

## MEMORANDUM OPINION & ORDER

Plaintiff John E. Beasley ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

## Background

Plaintiff alleges that he is disabled due to a variety of ailments, including diabetes, blurred vision, numbness in his hands and feet, and sore legs and feet. *See* Tr. [D.E. 15-6 at 7, 54]. After his applications for disability insurance benefits and supplemental security income were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on July 21, 2011. *See id.* [D.E. 15-2 at 37]. At the time of the hearing, Plaintiff was 47 years old. *See id.* [D.E. 15-2 at 38]. Plaintiff graduated from high school and has past work experience as a construction worker, fast food cook, animal caretaker, commercial cleaner, and a deli

worker. *Id.* [D.E. 15-2 at 74-75]. Plaintiff has not engaged in substantial gainful activity since July 2, 2009. *Id.* [D.E. 15-2 at 20].

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits or supplemental security income. *Id.* [D.E. 15-2 at 18]. Although the medical evidence established that Plaintiff suffered from diabetes with neuropathy, obesity, osteoarthritis, and depression, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *Id.* [D.E. 15-2 at 20]. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a modified range of light work, limited to simple, routine tasks not involving dangerous machinery, heights, or work with the public. *Id.* [D.E. 15-2 at 22]. The ALJ further determined that Plaintiff could not return to his past relevant employment. *Id.* [D.E. 15-2 at 28]. Relying on the testimony of a vocational expert, the judge found that Plaintiff was capable of working as a bakery worker, packing line worker, and shipping/receiving worker - jobs that exist in significant numbers in the national economy. *Id.* [D.E. 15-2 at 29]. Plaintiff appealed that decision to the Appeals Council. *Id.* [D.E. 15-2 at 7]. The Council affirmed. *Id.* [D.E. 15-2 at 7]. Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are

3

available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## **Analysis**

Plaintiff contends that the ALJ's assessment of his residual functional capacity is not supported by substantial evidence. *See* Pl.'s Br. [D.E. 20 at 4-7]. Plaintiff contends that had the ALJ "properly assessed the limitations set forth by Plaintiff's diabetic neuropathy and arthritis, the ALJ would have not been able to find at step five that Plaintiff was capable of performing other work existing in significant numbers in the national economy." *See id.* [D.E. 20 at 4-7].

The ALJ noted that during Plaintiff's November 24, 2009 consultative examination with Dr. Bonnie Lammers completed in connection with his claim for disability benefits, no diabetic abnormalities were evident. *See id.* [D.E. 15-2 at 26]. Dr. Lammers noted however that Plaintiff was "uncooperative throughout th[e] entire exam" and that Plaintiff indicated that "rather than having his problems addressed by his treating physician at Bluitt Flowers, he cho[se] instead to go to the

4

emergency room at Parkland." *See id.* [D.E. 15-7 at 110]. The ALJ also noted that when Plaintiff was seen on an outpatient basis, "Films revealed osteoarthritis at his feet with minimal narrowing" and that his "diabetes was described as without complications." *See id.* [D.E. 15-2 at 26]. Further, the ALJ observed that in a Parkland outpatient report, Plaintiff's "diabetes was classified as without complications and with normal OD and OU." *See id.* [D.E. 15-2 at 26]. The ALJ noted that in April of 2011, Plaintiff "had an essentially normal examination then and in the following month" and that Plaintiff "has also had multiple normal physical examinations while demonstrating normal range of motion about his body." *See id.* [D.E. 15-2 at 27]. In addition, the ALJ commented that Plaintiff "also failed to exhibit any muscle wasting or atrophy despite his allegations of significant physical limitations." *See id.* [D.E. 15-2 at 27]. The ALJ went on to state that "[w]hat is establishe[d] is that the claimant's periods of poor control of his blood sugars are related more to his non[-]compliance with diet and prescribed medication usage." *See id.* [D.E. 15-2 at 27]. Plaintiff's cousin's husband, testified at Plaintiff's hearing that he has cautioned Plaintiff that his consumption of too much fast food is bad for his diabetes. *See id.* [D.E. 15-2 at 70].

The ALJ explained as follows regarding his determination that Plaintiff has the RFC to perform light work:

> Although the documentary record establishes an underlying medical condition capable of producing some pain and limitations in functioning, the substantial evidence fails to corroborate the degree of restrictions and limitations as alleged by the claimant. Pertinent to this determination are his progress notes which show that the claimant has a history of inconsistent periods of seeking conservative medical treatment for what Mr. Beasley has described as chronic disabling impairments, his medication usage as well as periods of no medication usage, and the failure of objective medical evidence that has produced clinical findings consistent with and supportive of the claimant's subjective complaints and allegations. The few diagnostic tests that have been requested and completed have not produced any clinical signs or symptoms consistent with the claimant's allegations of disabling

5

>pain at levels of 7/10 and 8/10. Mr. Beasley has not been referred to a pain clinic or pain specialist and his medication usage is not consistent with an individual experiencing moderately severe to severe pain. The clinical record as a whole is more consistent with an individual who can meet the demands of at least light work. The undersigned also notes the results of the consultative examination and the fact that the claimant refused to put forth adequate effort during testing without good reason which indicates that the claimant was exaggerating his limitations.

*See id.* [D.E. 15-2 at 27].

In contending that the ALJ's finding that Plaintiff is not disabled is not supported by the evidence of record, Plaintiff, for the most part, points to portions of the record where his subjective complaints are documented. *See* Pl.'s Br. [D.E. 20 at 4-7]. As discussed, the ALJ considered Plaintiff's complaints of pain and limitations in functioning, along with the objective medical records and concluded that Plaintiff is capable of performing light work. Further, the ALJ took into consideration the inconsistencies in Plaintiff's testimony in evaluating his credibility and found him to be not altogether credible. *See* Tr. [D.E. 15-2 at 27-28]. The ALJ noted that from at least May 2010 until September 2010, Plaintiff engaged in self-employment by selling snacks and various other items in front of a hospital for profit until he was arrested and incarcerated for soliciting because he was engaged in that activity without a permit. *See id.*[D.E. 15-2 at 27, 46]. Plaintiff testified at his hearing on July 21, 2011 that it has been a couple years since he last sold snacks in front of the hospital. *See id.* [D.E. 15-2 at 46]. Plaintiff also argues that he was experiencing disabling pain during the time period where he was engaged in self-employment by selling snacks and other various items. *See* Pl.'s Br. [D.E. 20 at 6]. The ALJ also noted Plaintiff's inconsistent reports regarding the side effects of the same medications. *See id.* [D.E. 15-2 at 28; D.E. 15-6 at 39, 47, 57]. Moreover, the ALJ observed that while Plaintiff testified that he was in special education classes, he had previously denied being in such classes. *See id.* [D.E. 15-2 at 29; D.E. 15-6 at 12].The ALJ also

6

pointed to Metrocare Services Progress Notes where it is noted that in April and May of 2010, Plaintiff advised the caseworker that his attorney recommended not performing work involving heavy lifting or a lot of standing in part due to his disability benefits application and that he was reluctant to get a job because his attorney believed it may compromise his ability to receive disability benefits. *See id.* [D.E. 15-2 at 24].

In sum, the record demonstrates that the ALJ considered Plaintiff's subjective complaints, along with the medical records and concluded that Plaintiff had the RFC to perform a modified range of light work. Hence, the ALJ properly assessed the limitations set forth by Plaintiff's diabetic neuropathy and arthritis, but nevertheless concluded that Plaintiff is not disabled. The ALJ's determination is supported by substantial evidence.

## Conclusion

For the reasons stated above, the Commissioner's decision is AFFIRMED.

SO ORDERED, this 31ST day of March, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE